UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE A. PALMER, III, *Pro Se*, | ) | Case No.: 1:18 CV 225 |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| MARCUS HARRIS, *et al.*, | ) | MEMORANDUM OPINION |
| Defendants | ) | AND ORDER |

## I. INTRODUCTION

Plaintiff George A. Palmer, III ("Plaintiff" or "Palmer") brings this action pursuant to 42 U.S.C. § 1983 against Marcus Harris (Medical Director of Inmate Health), Warden Ivey, Kenneth Mills (Director of Cuyahoga County Correctional Center), the Medical Director of the Ohio Department of Rehabilitation, Lorain Correctional Institution Medical Director of Inmate Health, and Sheriff of the Cuyahoga County Correctional Center (collectively, "Defendants"). Plaintiff alleges that Defendants, sued in their individual and official capacities, violated his rights under the Eighth Amendment of the United States Constitution concerning medical care (Compl., ECF No. 1).

Pending before the court are multiple motions: (1) the Motion of Defendants Kenneth Mills, Warden Ivey, and Sheriff Clifford Pinkney (collectively, "Cuyahoga County Defendants") to Dismiss this action (ECF No. 10), which Plaintiff opposed (ECF No. 22); (2) the Motion to Dismiss of the

Ohio Department of Rehabilitation and Corrections Medical Director ("ODRC Medical Director") (ECF No. 11), which Plaintiff opposed (ECF. No. 12), and to which the ODRC Medical Director replied (ECF No. 13); (3) the Motion of Plaintiff to add additional defendants, including Lake Erie Correctional Institution, to the Complaint (ECF No. 15) and the Motion of the Cuyahoga County Defendants to Strike Plaintiff's Motion to add defendants (ECF No. 16); (4) the Motion of Plaintiff for a Preliminary Injunction (ECF No. 24),[1] which the Cuyahoga County Defendants opposed (ECF No. 25); and (5) Plaintiff's request for entry of default against Defendant Lake Erie Correctional Institution (ECF No. 27).

For the reasons that follow: (1) the Motions of the Cuyahoga County Defendants and the ODRC Medical Director to Dismiss are granted; (2) Plaintiff's Motion to add defendants is denied and the Cuyahoga County Defendants' Motion to Strike is denied as moot; (3) Plaintiff's Motion for a Preliminary Injunction is denied; and (4) Plaintiff's Motion for entry of default is denied.

## II. BACKGROUND

The factual background of this action is detailed in the court's Order denying Plaintiff's Motion for a Temporary Restraining Order (ECF No. 26). Briefly, Plaintiff is now an inmate serving a two-year prison term at Lake Erie Correctional Institute. Before that, he was a pretrial detainee incarcerated at the Cuyahoga County Jail from about July 10 – September 28, 2017, then transferred to the Lorain Correctional Institution until about November 11, 2017, when he was transferred back to the Cuyahoga County Jail. (Compl. at 6-7.) Plaintiff claims that at the time he was first incarcerated at the Cuyahoga County Jail, he suffered from three pre-existing medical conditions –

---

[1] Plaintiff's Motion for a Preliminary Injunction was combined with a Motion for a Temporary Restraining Order. The court denied Plaintiff's Motion for a Temporary Restraining Order (ECF No. 26), but did not rule on the Motion for a Preliminary Injunction.

spinal disease and arthritis in his lower back, diverticulitis, and permanent nerve damage in his left leg and ankle due to a motorcycle accident. He alleges that before he was incarcerated, he received spinal pain block injections. (*Id*. at 6.) He claims that at both the Cuyahoga County Jail and Lorain Correctional Institution, the doctors received his medical records and were aware of his conditions. Plaintiff admits that he was provided with Motrin and 900 mg of Gabapentin[2] but was not provided with pain block injections into his spine, which Plaintiff contends constitutes deliberate indifference to his serious medical needs and violates the Eighth Amendment. Plaintiff claims that because he did not receive the pain block injections he suffers sleep deprivation, bowel dysfunction, mental stress and duress, anxiety, depression, and suicidal thoughts due to chronic pain. (*See id*. at 6-9.)

### III. LAW AND ANALYSIS

**A. Cuyahoga County Defendants's and ODRC Medical Director's Motions to Dismiss**

In order to state a claim under 42 U.S.C. § 1983, Plaintiff must allege that a person acting under color of state law deprived him of his rights, privileges, or immunities secured by the Constitution or the laws of the United States. *West v. Atkins,* 487 U.S. 42, 48 (1988). In this action, Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs in violation of his rights under the Eighth Amendment.

At the time of the events alleged in the Complaint, Plaintiff was a pretrial detainee. (*See*

---

[2] In his opposition to the ODRC Medical Director's motion to dismiss, Plaintiff states that while at the Lorain Correctional Institution, the "medical department" gave him muscle relaxers, and "a series of different medications" for a week or two, but none of them worked, and he is "currently on aspirins and a powerful psychiatric medication" (ECF No. 12 at 2). In his motion for a preliminary injunction and temporary restraining order, Plaintiff also states that he is receiving aspirin, Mobic, and Naproxen for his pre-existing medical conditions (ECF No. 24 at 4). As a result of his Motion for Temporary Restraining Order, Plaintiff was also taken off site to see an orthopedic specialist on October 22, 2018, who determined that the hardware in his leg was in tact and there was no sign of infection in his leg. (*See* Order on Mot. for TRO 3, ECF No. 26).

-3-

Compl. at 5.) The Eighth Amendment's prohibition against deliberate indifference to a prisoner's serious medical needs applies to post-conviction inmates, but the Due Process Clause of the Fourteenth Amendment provides the same protection to pretrial detainees and is analyzed under the same rubric as Eighth Amendment claims brought by prisoners. *See Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985) (citing *Bell v. Wolfish*, 441 U.S. 520, 545 (1979)).

The government runs afoul of the Eighth Amendment with respect to inmate medical care when it is deliberately indifferent to a prisoner's serious medical needs. *Id.* at 105-06. In order to prevail on a deliberate indifference claim, Plaintiff must establish two prongs consisting of an objective component and a subjective component, both of which must be satisfied. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires the existence of a "sufficiently serious" medical need. *Id*. That is, "the inmate must show that he is incarcerated under conditions posing a substantial risk of harm." *Id*. The subjective component requires an inmate to show that prison officials have a sufficiently culpable state of mind in denying him medical care. *Id*. In order to satisfy this culpable state of mind, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

Claims that prison medical personnel were negligent in diagnosing or treating a medical condition do not state a claim for deliberate indifference to a prisoner's serious medical needs under the Eighth Amendment. *Id*. at 106. ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). A doctor's exercise of medical judgment, even if incorrect, does not constitute deliberate indifference to an inmate's serious medical needs. *Id*. at 107 (the issue of whether a doctor should have ordered certain diagnostic tests or forms of treatment is

a "classic example" of the exercise of medical judgment and does not constitute cruel and unusual punishment even when an inmate identifies a number of medical options that were not pursued and would have led to an appropriate diagnosis and treatment for the daily pain he was suffering). In addition, federal courts are generally reluctant to second-guess medical judgments in cases where a patient is receiving medical treatment but the patient argues that the treatment is inadequate. *See Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017) ("As a general rule, a patient's disagreement with his physicians over the proper course of treatment alleges, at most, a medical-malpractice claim, which is not cognizable under § 1983.") (internal citations omitted).

### *1. Legal Standard*

The Cuyahoga County Defendants and ODRC Medical Director move to dismiss Plaintiff's Complaint pursuant to Federal Rule Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.³ Rule 12(b)(6) motions challenge the legal sufficiency of a plaintiff's claims. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

Federal Rule Civil Procedure 8(a)(2) governs pleading requirements, and provides that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Supreme Court explained the pleading requirements necessary to survive a motion to dismiss pursuant to Rule 12(b)(6). In order to withstand a Rule 12(b)(6) motion, a complaint must allege sufficient facts sufficient "to state a claim to relief that is plausible

---

³ It appears from their Motion that the Cuyahoga County Defendants also seek dismissal pursuant to Federal Rule Civil Procedure 12(c) (*see* ECF No. 10 at 5). The standard of review used by a district court to rule on a Rule 12(c) motion is the same standard used to rule on a Rule 12(b)(6) motion. *Moxley v. Pfundstein*, 801 F. Supp. 2d 598, 602 (N.D. Ohio 2011) (citing *Grindstaff v. Green,* 133 F.3d 416, 421 (6th Cir. 1998)).

on its face." *Twombly*, 550 U.S. at 570. While "[t]he plausibility standard is not akin to a 'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

When determining whether the plaintiff has stated a plausible claim upon which relief can be granted, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 555. The court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal citations omitted). Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Bihn v. Fifth Third Mortg. Co.*, 980 F. Supp. 2d 892, 897 (S.D. Ohio 2013) (citing *Twombly*, 550 U.S. at 555).

Because Plaintiff is *pro se*, the court must liberally construe his pleadings. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). That said, *pro se* litigants are not exempted or excused from the Federal Rules governing pleading and dismissal for failure to state claims. *See Moore v. Holbrook*, 2 F.3d 697, 705 (6th Cir. 1993).

*2. Cuyahoga County Defendants*

The Cuyahoga County Defendants argue that the claims against them should be dismissed because the Plaintiff's general and conclusory allegations fail to give each County Defendant adequate notice of the specific unconstitutional conduct alleged against them, fail to state a plausible

claim for relief, and fail to allege any County policy or custom which caused the alleged unconstitutional conduct. The court agrees.

Courts in the Sixth Circuit have "repeatedly recognized" that in order to state a plausible § 1983 claim, Plaintiff must set forth factual allegations concerning the specific conduct of each defendant which Plaintiff claims violates his constitutional rights. *See Kinsey v. Cty. of Lorain*, No. 1:17 CV 24122, 2018 WL 4075878, at *3 (N.D. Ohio Aug. 27, 2018) (collecting cases). Plaintiff's claim that "all defendants stated were in association with decisions made about his care" (Compl. at 6) is insufficient to provide each defendant with adequate notice of the specific unconstitutional conduct alleged against them in order to state a plausible claim for relief, and Plaintiff's § 1983 claims are subject to dismissal on that basis alone.

Even if Plaintiff did make specific factual allegations against each of the Cuyahoga County Defendants, the case would still be subject to dismissal because Plaintiff has not adequately pled either prong required to show deliberate indifference. Plaintiff has been receiving medical treatment, but is arguing that he did not receive the treatment that he wanted or believes should have been provided. These conclusory statements alone do not support a claim for deliberate indifference to his serious medical needs. *Darrah*, 865 F.3d at 372 (citations omitted).

Nor does Plaintiff assert a plausible claim against the Cuyahoga County Defendants in their official capacities. A claim against a government employee in his official capacity is a claim against the governmental entity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). To state a plausible claim against the Cuyahoga County Defendants in their official capacities, Plaintiff must allege that a custom or policy of Cuyahoga County caused the claimed constitutional violation. *Monell v. N.Y. City Dep't of Soc. Servs.*, 436

U.S. 658, 690-91 (1978); *Ellis ex rel. Pendergrass v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (a plaintiff who sues a municipality under § 1983 for an alleged constitutional violation must show that the municipality's policy or custom caused the constitutional deprivation). Plaintiff does not contend that any custom or policy of Cuyahoga County caused the alleged constitutional violations he claims against the Cuyahoga County Defendants. More importantly, the court has determined that Plaintiff fails to state a plausible constitutional claim that the Cuyahoga County Defendants were deliberately indifferent to Plaintiff's serious medical needs. In the absence of constitutional violation, there can be no County liability. *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) ("There can be no liability under *Monell* without an underlying constitutional violation.") (citing *Scott v. Clay Cty.,* 205 F.3d 867, 879 (6th Cir. 2000)).

The Cuyahoga County Defendants' Motion to Dismiss is granted. Plaintiff's claims against the Cuyahoga County Defendants in their individual and official capacities are dismissed.

### 3. ODRC Medical Director

Pursuant to Rule 12(b)(6), the ODRC Medical Director ("Dr. Eddy") moves for dismissal of the claims against him. Plaintiff asserts no factual allegations against Dr. Eddy in the Complaint, and he may be dismissed from this case on that basis alone. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (affirming district court's dismissal of complaint where plaintiff failed to allege how a defendant was involved in the violation of his constitutional rights) (citing *Haines v. Kerner,* 404 U.S. 519, 520 (1972)).[4]

To the extent that Plaintiff alleges that Dr. Eddy is liable under a theory of respondeat

---

[4] Plaintiff's only allegations against Dr. Eddy are found in his opposition to the Motion to Dismiss and his Motion for Injunctive Relief, where he contends that the doctors at the Lorain and Lake Erie Correctional Institutions told him that he could not receive the treatment he desired because Dr. Eddy, "their boss" in Columbus, would not allow it. (ECF No. 12 at 2; ECF No. 24 at 4.).

-8-

superior, that theory of liability is inapplicable to § 1983 claims. *Monell*, 436 U.S. at 690. Nor can Eddy be liable under § 1983 purely based upon his right to control doctors at the prisons. *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984), *cert. denied*, 469 U.S. 845 (1984) (citing *Hays v. Jefferson Cty.*, 668 F.2d 869 (6th Cir. 1982)). More importantly, a prerequisite to supervisory liability is unconstitutional conduct by a subordinate. The court has determined, however, that Plaintiff has failed to state a plausible constitutional claim for deliberate indifference to his serious medical needs. *Grinter v. Knight,* 532 F.3d 567, 575 (6th Cir. 2008) ("At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.") (quoting *Bellamy,*729 F.2d at 421) (internal quotation marks omitted). Accordingly, Eddy's Motion to Dismiss is granted. Plaintiff's claims against Eddy in his individual and official capacities are dismissed.

**B. Marcus Harris and Lorain Correctional Institution Medical Director of Inmate Health**

Defendants Marcus Harris and Lorain Correctional Institution Medical Director of Inmate Health have not appeared in this case.[5] Although the court must liberally construe Plaintiff's Complaint, federal district courts are expressly required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss any such action that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

The standard for dismissal articulated in *Iqbal* and *Twombly* with respect to Rule 12(b)(6) also governs dismissal under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

---

[5] It does not appear from the docket in this case that Marcus Harris has been served with the Complaint in this action (*see* ECF No. 6).

Therefore, in order to survive scrutiny under § 1915(e)(2)(B), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a plausible claim for relief. *Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013) ("Section 1915(e)(2)(B) authorizes dismissal if the action fails to state a plausible claim for relief or is frivolous.").

For the same reasons that the court granted the Motions to Dismiss of the Cuyahoga County Defendants and the ODRC Medical Director Dr. Eddy, Plaintiff fails to state a plausible constitutional claim for deliberate indifference against Marcus Harris and the Lorain Correctional Institution Medical Director of Inmate Health. Plaintiff fails to assert any specific factual allegations of unconstitutional conduct against either Defendant, and Plaintiff's disagreement with the treatment provided is not sufficient to state a plausible claim for relief for deliberate indifference to a serious medical need.

Accordingly, Plaintiff's claims against Harris and the Lorain Correctional Institution Medical Director of Inmate Health are dismissed pursuant to § 1915(e)(2)(B).

**C. Plaintiff's Motion to Amend the Complaint to Add Defendants**

Plaintiff moves to amend his Complaint to add Lake Erie Correctional Institution and the following Defendants: Warden Sloan of the Lake Erie Correctional Institution, M. Rebera of Lake Erie Medical Department, P. Sackett of the Lake Erie Institutional Inspector, and Karen Stanforth, the Assistant Chief Inspector of Medical in Columbus, Ohio (ECF No. 15 at 3-4). The court considers Plaintiff's Motion to add defendants to this action pursuant to Federal Rule Civil Procedure. Even where Rule 15 requires leave of court in order to amend a pleading, leave is generally freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). A motion for leave to

amend may be denied as futile if the amended complaint could not withstand a motion to dismiss. *Midkiff v. Adams Cty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005) (quoting *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 249 (6th Cir. 1986)). Plaintiff did not attach a proposed amended complaint to his motion, but states that he seeks "to file the same complaints against these five people as I did against Marcus Harris and defendants" and, "when he was transferred from [Lorain Correctional Institution] to [Lake Erie Correctional Institution]," he received the "same treatment" concerning his preexisting medical conditions (ECF No. 15 at 3-4).

If Plaintiff were permitted to add the desired defendants to the Complaint as requested, those defendants would be dismissed for the same reasons that all of the Defendants named in the original Complaint have been dismissed, as discussed above. Therefore, adding Lake Erie Correctional Institution, Warden Sloan, M. Rebera of Lake Erie Medical Department, P. Sackett the Lake Erie Institutional Inspector, and Karen Stanforth, the Assistant Chief Inspector of Medical in Columbus, Ohio to this action would be futile, and Plaintiff's Motion to Amend the Complaint is denied on that basis.[6] *See Dugas v. Witrup*, No. 2:15-CV-67, 2015 WL 426901, at *2 (S.D. Ohio Feb. 2, 2015) (denying as futile motion to add new defendants to plaintiff's complaint for deliberate indifference to his serious medical needs because the amended claims would not survive analysis under either the objective or subjective prong), *objections overruled sub nom. Dugas v. Wittrup*, No. 2:15-CV-67, 2015 WL 1056327 (S.D. Ohio Mar. 10, 2015); *Gallant v. Holdren*, No. 1:16-CV-00383, 2018 WL 1505567, at *2 (S.D. Ohio Mar. 27, 2018) (recommending that motion to amend to substitute defendants be denied because plaintiff's conclusory allegation that defendants are responsible for violating his Eighth Amendment rights are insufficient to support an inference that those defendants

---

[6] Plaintiff's request to enter default judgment against Lake Erie Correctional Institution is denied.

are liable under § 1983 for deliberate indifference to plaintiff's safety), *report and recommendation adopted,* No. 1:16CV383, 2018 WL 4690243 (S.D. Ohio Sept. 28, 2018).

### D. Plaintiff's Motion for a Preliminary Injunction

Plaintiff filed a combined Motion for Preliminary Injunction and Temporary Restraining Order. In the Motion, Plaintiff states that he is currently incarcerated at the Lake Erie Correctional Institution and his leg, which was injured in a motorcycle accident, was infected and the antibiotics, steroids, and pain injection provided to him were ineffective (ECF No. 24 at 4). The court denied Plaintiff's Motion for a Temporary Restraining Order because Plaintiff was examined by a doctor, and it was determined that his leg was not infected (ECF No. 26 at 4). The court declined to rule at that time on Plaintiff's Motion for a Preliminary Injunction, which is directed to the same issues regarding his preexisting conditions as identified in the Complaint. (*Id*. at 4-5.)

In this case, the standard governing issuance of a preliminary injunction is the same as that for a temporary restraining order. When considering a motion for preliminary injunction, the court must consider four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without an injunction; (3) whether issuance of an injunction would cause substantial harm to others; and (4) whether the public interest would be served by the injunction. *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007). The court is not required to conduct an evidentiary hearing when, as here, there are no material facts in dispute – the only dispute is whether Plaintiff's factual allegations, taken as true, state a plausible claim for an Eighth Amendment violation upon which relief can be granted. *See id.* at 553 (citation omitted).

Plaintiff's Motion fails on the first factor – likelihood of success on the merits. As discussed

above, Plaintiff's disagreement with that adequacy of his treatment by prison medical officials is insufficient to establish a likelihood of success on the merits of his deliberate indifference claim. "Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000) (citing *Mich. State AFL-CIO v. Miller,* 103 F.3d 1240, 1249 (6th Cir. 1997)).

With respect to the second factor, Plaintiff claims that he experiences chronic pain because he is not receiving the treatment of his choosing. However, this does not show that he will suffer irreparable harm if injunctive relief is not granted. *See Brown v. Mohr*, No. 2:13-CV-006, 2014 WL 5446003, at *3 (S.D. Ohio Oct. 24, 2014) (plaintiff's contention that he is in pain and not receiving any pain medication "does not rise to the level that would warrant a preliminary injunction") (citing *Dearing v. Mahalma,* No. 1:11–CV–204, 2011 WL 3739029 (S.D. Ohio Aug. 24, 2011)).

With respect to the third factor, the balance of Plaintiff's interest in receiving the medical care of his choosing and the interest of the Defendants in prison administration and management of prisoners' medical needs weighs against injunctive relief. *See Rhinehart v. Scutt*, 509 F. App'x 510, 516 (6th Cir. 2013). Finally, Plaintiff has not shown that the public interest is served by an injunction. While there is a public interest in the enforcement of constitutional rights, in the absence of a strong likelihood of success on the merits, "[t]he public interest in leaving the administration of state prisons to state prison administrators" weighs against injunctive relief. *See id.*

A preliminary injunction is an extraordinary remedy, and will only be granted if the moving party carries his burden of showing that such extraordinary relief is warranted. *See Overstreet v. Lexington-Fayette Urban Cty. Gov.*, 305 F.3d 566, 573 (6th Cir. 2002) (citation omitted). After weighing all four factors, the court concludes that Plaintiff has not established that injunctive relief

-13-

is warranted. Plaintiff's Motion for a Preliminary Injunction is denied.

### E. State Law Claims

There being no viable federal claim in the case, any remaining state law claim or claims the Plaintiff purports to assert are dismissed without prejudice. *See Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996); *see also* 28 U.S.C. § 1367(c)(3) (stating that a district court may decline to exercise supplemental jurisdiction if it has "dismissed all claims over which it ha[d] original jurisdiction"). The court does not find any circumstances exist that would warrant exercising supplemental jurisdiction over such claims.

## IV. CONCLUSION

For the foregoing reasons: (1) the Motion of the Cuyahoga County Defendants to Dismiss this case (ECF No. 10) is granted; (2) the Motion of the Medical Director of the ODRC to Dismiss this case (ECF No. 11) is granted; (3) the Motion of Plaintiff to add defendants (ECF No. 15) is denied; (4) the Motion of the Cuyahoga County Defendants to Strike Plaintiff's Motion to add defendants (ECF No. 16) is moot and denied as such; (5) Plaintiff's Motion for a Preliminary Injunction (ECF No. 24) is denied; (6) Plaintiff's request for an entry of default against Lake Erie Correctional Institution (ECF No. 27) is denied; and (7) Plaintiff's claims against Defendants Marcus Harris and Lorain Correctional Institution Medical Director of Inmate Health are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). This case is closed.

The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[7]

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

November 20, 2018

---

[7] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.